SAMUEL WELD & another *vs.* MARY VIRGINIA BARNES & others.

A testator in his will devised the residue of his estate to trustees, to invest, and "to pay over a sufficient amount for the maintenance and education of my six children," on the separate receipts of their guardians during their minority, and "to pay over to each of my children one quarter part of the principal of each one's portion of said sixth part when they shall have attained the age of twenty-one years, retaining the balance to be held in trust " during their natural lives, the interest upon which was to be paid over on their separate receipts. *Held,* that each child, upon coming of age, would be entitled to receive one quarter part of one sixth of the capital of the trust fund, computed as a fund formed at the testator's decease, and to the whole of the income of that one sixth, up to the time of coming of age, deducting the sums advanced for such child's maintenance and education while under age.

HOAR, J. This is a bill in equity in the nature of a bill of interpleader, in which the trustees under the will of Jonathan Buffington ask for the direction of this court in the execution of their trust.

The only point upon which any question arises is respecting the division of the income of the trust fund among the children of the testator. The testator left a widow and six children. One of his children had attained the age of twenty-one years at her father's death, and the others were minors. A second daughter has now become of age, and the trustees are uncertain as to her rights under the will.

The whole residue of the estate, after a provision for the widow, is given by the testator in his will to the plaintiffs in trust, to invest, and " to pay over a sufficient amount for the maintenance and education of my six children (naming them) on the sole and separate receipts of legally appointed guardians, in quarterly payments, during the minority of my said six children."

The next clause requests the trustees " to pay over to each of my said children one quarter part of the principal of each one's portion of said sixth part, when they shall have attained the age of twenty-one years, retaining the balance to be held in trust during the natural lives of my said six children, (naming them,) the interest upon which I do request my said trustees to pay over as before named in quarterly payments, on the sole

and separate receipts of my said six children, during their natural lives."

The remaining provisions of the will give to each child the power of disposition by will of his or her portion on arriving at the age of twenty-one years; give the portion of any child who may die before attaining the age of twenty-one without issue to the survivors; and the share of either who may die before attaining that age leaving issue, or after attaining that age, to the heirs at law.

We are of opinion that Mrs. Lewis, the daughter who has become of age since the testator's death, is entitled to receive from the trustees one quarter of one sixth part of the capital of the trust fund, to be computed as a fund formed at the decease of the testator, and to all the income of that one sixth up to the time of her coming of age, deducting therefrom the sums paid for her maintenance and education while under age; and that she is also entitled to the income of the other three quarters of the one sixth from the time when she became of age.

It is apparent that the interest of the children in the estate was designed to be several. The sums to be paid for their maintenance and education were to be paid quarterly to their respective guardians. Each child's portion of the estate is repeatedly spoken of as one sixth part. There is no express direction to accumulate or invest any portion of the income as capital, and such a construction would not be given without a clear implication. On the contrary, the trustees are directed to retain only the balance of the capital after each child shall have attained the age of twenty-one years. There is no direction to ʻorm a capital as of any other date than that of the testator's death, nor implication of such a purpose.

The construction which we have given to the will produces that equality among the children which the testator plainly intended to create, and which any other construction would tend to defeat.

Costs will be allowed from the fund. ʻ *Decree accordingly.*

*F. W. Palfrey,* for certain of the respondents.

*D. H. Mason,* for others of the respondents.